# In the United States Court of Federal Claims

No. 15-764C
Filed Under Seal: May 3, 2018
Reissued: May 29, 2018[*]
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| TREVOR LANGKAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | RCFC 59(a); Motion for Reconsideration; |
| v. | ) | RCFC 60(b); Excusable Neglect; RCFC |
| | ) | 52. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

*James H. Lister*, Counsel of Record, Birch, Horton, Bittner and & Cherot, Washington, DC, for plaintiff.

*Mollie L. Finnan*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I. INTRODUCTION

Plaintiff, Trevor Langkamp, has moved to alter, amend, or reconsider the Court's March 20, 2017, Memorandum Opinion and Order (the "March 20, 2017, Decision") denying plaintiff's motion for partial summary judgment on liability and granting the government's cross-motion for summary judgment in this breach of contract matter, pursuant to Rules 52, 59, and 60(b) of

---

[*] This Memorandum Opinion and Order was originally filed under seal on May 3, 2018 (docket entry no. 93). The parties were given an opportunity to advise the Court, by May 25, 2018, of their views with respect to what information, if any, should be redacted. On May 25, 2018, the parties informed the Court that no redactions were required (docket entry no. 94). And so, the Court reissues the Memorandum Opinion and Order, dated May 3, 2018, without any redactions.

the Rules of the United States Court of Federal Claims ("RCFC").  For the reasons set forth below, the Court **DENIES** plaintiff's motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

#### 1.   Case Overview

A detailed factual background related to plaintiff's claim is set forth in the Court's March 20, 2017, Decision.  *Langkamp v. United States*, 131 Fed. Cl. 85, 88-90 (2017).  In short, plaintiff alleged in this breach of contract action that the government breached a settlement agreement that his parents entered into with the United States to resolve a personal injury lawsuit brought on his behalf (the "Settlement Agreement").  *See id*. at 88.  Specifically, plaintiff alleged that the Settlement Agreement obligates the government to make and guarantee certain structured payments to him that are provided for in that agreement, and that the government breached the Settlement Agreement by failing to pay or guarantee these payments after the annuity company that had been making the payments went into bankruptcy.  *Id*.  As relief, plaintiff sought to recover $68,270.78 in unpaid monthly annuity payments for the period August 2013 and June 2015.  *Id*.

After the parties fully briefed their cross-motions for summary judgment on liability and supplemental briefs, the Court issued a Memorandum Opinion and Order on March 20, 2017, denying plaintiff's motion for partial summary judgment on liability and granting the government's cross-motion for summary judgment.  *See id*. at 90; *see generally id*. at 88.  Following a stay of proceedings to afford plaintiff an opportunity to obtain new counsel after the death of his prior counsel, the Court dismissed this matter and entered final judgment on December 4, 2017.  Order, dated Dec. 4, 2017 (docket entry no. 67); *see also* Judgment, dated Dec. 12, 2017 (docket entry no. 68); Order, dated May 30, 2017 (docket entry no. 63).

On December 18, 2017, plaintiff filed a motion to alter, amend, or reconsider the March 20, 2017, Decision.  *See generally* Pl. Mot.  In his motion, plaintiff seeks modification or

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the Court's March 20, 2017, Memorandum Opinion and Order and plaintiff's motion to alter, amend, or reconsider the March 20, 2017, Decision ("Pl. Mot.").  Except where otherwise noted, the facts recited here are undisputed.

reconsideration of the Court's March 20, 2017, Decision for three reasons. First, plaintiff argues that certain treatises that the Court cited in the March 20, 2017, Decision demonstrate that the government retains the obligation to pay the structured payments called for under the Settlement Agreement. *Id*. at 5-12. Second, plaintiff argues that the Court should consider additional arguments raised by his new counsel on reconsideration, because plaintiff's prior counsel became seriously ill before the parties filed their supplemental briefs. *Id*. at 12-15. Lastly, plaintiff argues that reconsideration of this matter is warranted because a subsequent decision by this Court in *Lanclos v. United States*, 133 Fed. Cl. 113 (2017), "rejects" the government's argument that the Assistant United States Attorney who negotiated the Settlement Agreement at issue in this matter did not have actual authority to bind the government in the contract that plaintiff alleged exists. *Id*. at 19-22. And so, plaintiff requests, among other things, that the Court vacate the March 20, 2017, Decision. *Id*. at 27.

### 2. The March 20, 2017, Decision

In the March 20, 2017, Decision, the Court denied plaintiff's motion for partial summary judgment on liability and granted the government's cross-motion for summary judgment on the issue of whether the government had an obligation to pay or guarantee the structured payments required under that agreement. *Langkamp*, 131 Fed. Cl. at 97. The Court began its analysis by examining the plain language of the Settlement Agreement and held that the plain language of this agreement required that the government purchase annuities for the purpose of making the monthly and periodic lump-sum payments to plaintiff. *Id*. at 94-95.

In this regard, the Court observed that the Settlement Agreement expressly required that:

> [The] United States of America and United States Department of Army, will pay to the [Langkamps] . . . the sum of $239,425.45 as an upfront payment which includes attorney fees and costs and a structured settlement for the benefit of Trevor Langkamp, which sum shall be in full settlement and satisfaction of any and all claims . . . on account of the incident or circumstances giving rise" to the Langkamps' lawsuit.

*Id*. at 94 (emphasis and alterations in original). Because the plain language of the Settlement Agreement provided that the government "will pay . . . a structured settlement for the benefit of Trevor Langkamp," the Court considered two treatises—*Stein on Personal Injury Damages Treatise* and *Negotiating and Settling Tort Cases*—to determine the ordinary meaning of the

term "structured settlement." *Id*. The Court observed that these two treatises indicated that a "structured settlement" means a legal settlement paid out as an annuity, rather than as a lump sum. The Court similarly observed that the Oxford Pocket Dictionary of Current English also defined the term "structured settlement" as "a legal settlement paid out as an annuity rather than in a lump sum." *Id*. And so, the Court adopted the ordinary meaning of the term "structured settlement," as evidenced by these treatises and the Oxford Pocket Dictionary, because neither party argued that the parties mutually agreed to another meaning for this term. *Id*. at 94-95; *see also McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1435 (Fed. Cir. 1996).

In addition, the Court held that the government did not guarantee the structured payments required under the terms of the Settlement Agreement, because there was no language in the Settlement Agreement that expressly and unequivocally required that the government guarantee these future payments. *Langkamp*, 131 Fed. Cl. at 95-96 (discussing the Federal Circuit's decision in *Nutt v. United States*, 837 F.3d 1292 (Fed. Cir. 2016)). Lastly, the Court held that the undisputed material facts in this case showed that the government could not have entered into a contract that required the government to pay more than the $400,000.00 disbursed at the time of settlement to resolve plaintiff's tort claim, because the Assistant United States Attorney who entered into the Settlement Agreement on behalf of the government only had the actual authority to settle the claim for the amount of $400,000.00. *Id*. at 96. And so, the Court concluded that the government could not have entered into a contract that would have obligated the government to pay or guarantee any amount in excess of $400,000.00. *Id*. at 96-97.

B.   **Procedural History**

On March 20, 2017, the Court issued a Memorandum Opinion and Order, denying plaintiff's motion for partial summary judgment on liability and granting the government's cross-motion for summary judgment. *See generally id*. The Court also ordered the parties to file a joint status report stating their respective views on whether this matter should be dismissed in light of the March 20, 2017, Decision. *Id*. at 97.

On May 30, 2017, the Court stayed this matter until November 30, 2017, to afford plaintiff an opportunity to obtain new counsel after the death of his previous counsel. *See* Order, dated May 30, 2017 (docket entry no. 63); *see also* Def. Status Report, dated May 26, 2017 (docket entry no. 62). After the conclusion of the stay of proceedings, the Court dismissed this

4

matter and entered final judgment on December 4, 2017.  Order, dated Dec. 4, 2017 (docket entry no. 67); *see also* Judgment, dated Dec. 12, 2017 (docket entry no. 68).

On December 18, 2017, plaintiff filed a motion to alter, amend, or reconsider the March 20, 2017, Decision pursuant to RCFC 52, 59, and 60(b).  *See generally* Pl. Mot.  On February 9, 2018, the government filed a response and opposition to plaintiff's motion.  *See generally* Def. Resp.  On February 28, 2018, plaintiff filed a reply in support of his motion.  *See generally* Pl. Reply.

Plaintiff's motion having been fully briefed, the Court resolves the pending motion.

### III. LEGAL STANDARDS

#### A. RCFC 52(b)

RCFC 52(b) provides that, "[o]n a party's motion filed no later than 30 days after the entry of judgment, the [C]ourt may amend its findings—or make additional findings—and may amend the judgment accordingly."  RCFC 52(b).

#### B. RCFC 59

Motions for reconsideration are governed by RCFC 59, which provides, in relevant part:

> **(1) *Grounds for New Trial or Reconsideration*.**  The court may, on motion, grant a new trial or a motion for reconsideration on all or some of the issues—and to any party—as follows:
>
> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
>
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or
>
> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).  This Court has held that "[t]o prevail upon a motion for reconsideration under RCFC 59, the movant must identify a 'manifest error of law, or mistake of fact.'"  *Shapiro v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 353, 361 (2012) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)), *aff'd*, 503 F. App'x 952 (Fed. Cir. 2013).  "Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to

prevent manifest injustice." *Id.* at 361 (citing *Petro-Hunt, L.L.C. v. United States*, 2012 WL 1957929, at *1 (Fed. Cl. May 30, 2012)); *see also Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016).

In addition, granting such relief requires "'a showing of extraordinary circumstances.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp.*, 44 Fed. Cl. at 300). And so, a plaintiff cannot prevail upon a motion for reconsideration based upon the need to grant relief to prevent manifest injustice unless the plaintiff can demonstrate that any injustice is "apparent to the point of being almost indisputable." *Ogunniyi v. United States*, 124 Fed. Cl. 668, 672 (2016) (internal quotation marks omitted) (quoting *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010)).

In addition, this Court has held that motions "for reconsideration may not be used simply as 'an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected.'" *Johnson*, 126 Fed. Cl. at 560 (quoting *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000)). Given this, "[t]he decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted).

### C. RCFC 60(b)

RCFC 60(b) sets forth the grounds for obtaining relief from a final judgment. Specifically, this rule provides that:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

RCFC 60(b). The United States Court of Appeals for the Federal Circuit has held, within the context of the entry of a default judgment, that this Court should balance three factors when determining whether to grant relief pursuant to RCFC 60(b)(1) due to excusable neglect: (1) whether the nonmovant will be prejudiced by the granting of relief; (2) whether the movant has a meritorious claim or defense; and (3) whether the movant's dilemma was caused by his own culpable conduct. *Info. Sys. And Networks Corp. v. United States*, 994 F.2d 792, 795-96 (Fed. Cir. 1993) (applying excusable neglect under our predecessor court's identical rule); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Telzrow v. United States*, 127 Fed. Cl. 115, 120 (2016); *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703, 708-09 (1999).

### IV. LEGAL ANALYSIS

In his motion to alter, amend, or reconsider, plaintiff requests that the Court reconsider and modify the March 20, 2017, Decision for three reasons. First, plaintiff argues that certain treatises that the Court relied upon in the March 20, 2017, Decision demonstrate that the government retains the obligation to make the monthly and periodic lump-sum payments called for under the Settlement Agreement. Pl. Mot. at 5-12. Second, plaintiff argues that the Court should consider additional arguments raised by his new counsel on reconsideration, because plaintiff's prior counsel became seriously ill before the parties filed their respective supplemental briefs in this matter. *Id*. at 12-19. Lastly, plaintiff argues that reconsideration of this matter is warranted because a subsequent decision by this Court in *Lanclos v. United States*, 133 Fed. Cl. 113 (July 12, 2017), "rejects" the government's argument that the Assistant United States Attorney who negotiated the Settlement Agreement at issue in this matter did not have the actual authority to bind the government in the contract that plaintiff alleges exists in this litigation. *Id*. at 19-22. And so, plaintiff requests that, among other things, the Court reconsider and vacate the March 20, 2017, Decision. *Id*. at 27.

A careful review of plaintiff's motion shows that plaintiff has not met his heavy burden to demonstrate that reconsideration of the March 20, 2017, Decision is warranted. Plaintiff also has not shown that he is entitled to any relief under RCFC 52 and 60(b). And so, for the reasons set forth below, the Court **DENIES** plaintiff's motion.

## A. Plaintiff Has Not Demonstrated That Reconsideration Is Necessary Because The Court Relied Upon Tort Law Treatises To Determine The Ordinary Meaning Of The Term Structured Settlement

As an initial matter, plaintiff has not shown that reconsideration of the March 20, 2017, Decision is warranted due to the Court's reliance upon two tort law treatises to determine the ordinary meaning of the term "structured settlement." In his motion, plaintiff argues that "the Court's ruling on the contract interpretation issue relied heavily on two treatises describing the critical term 'structured settlement' that the Court discovered in its own research, with the result that the parties did not have the opportunity to address those treatises in briefing." Pl. Mot at 5. And so, plaintiff further argues that reconsideration of the March 20, 2017, Decision is necessary to allow him to "bring to the Court's attention more detailed passages" in these treatises to support his breach of contract claim. *Id*. at 6.

Plaintiff "must identify a manifest error of law, or mistake of fact" in order to prevail upon his motion for reconsideration. *Shapiro*, 105 Fed. Cl. at 361 (internal citations omitted). And so, reconsideration is only appropriate "where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension. . . .'" *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (quoting *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002)).

In this case, the March 20, 2017, Decision makes clear that Plaintiff has not identified a manifest error of law or mistake of fact, because the Court appropriately considered two tort law treatises to determine the plain and ordinary meaning of the term "structured settlement." *See Langkamp*, 131 Fed. Cl. at 94-95; *see also McAbee*, 97 F.3d at 1435 (holding that the plain and unambiguous provisions of a contract "'must be given their plain and ordinary meaning' . . . and the court may not resort to extrinsic evidence to interpret them"). In the March 20, 2017, Decision, the Court relied upon the two tort law treatises cited in that decision for the sole purpose of determining the ordinary meaning of the term "structured settlement," in light of the plain language contained in the parties' Settlement Agreement. *Langkamp*, 131 Fed. Cl. at 94-95. Specifically, the Court examined the plain language of the Settlement Agreement and held that this language required that the government purchase annuities for the purpose of making the monthly and periodic lump-sum payments that are called for under that agreement. *Id*. Because

the Settlement Agreement expressly states that the government "will pay to the [Langkamps] . . . a structured settlement for the benefit of Trevor Langkamp," the Court considered two tort law treatises—*Stein on Personal Injury Damages Treatise* and *Negotiating and Settling Tort Cases*—to determine the ordinary meaning of the term "structured settlement." *Id*. at 94 (alterations in original).

The Court observed that these treatises indicated that a "structured settlement" generally means a legal settlement paid out as an annuity rather than as a lump sum. *Id*. The Court also observed that the Oxford Pocket Dictionary of Current English defined the term "structured settlement" as "a legal settlement paid out as an annuity rather than in a lump sum." *Id*. And so, the Court adopted the ordinary meaning of the term "structured settlement," as evidenced by these treatises and the Oxford Pocket Dictionary, to interpret the Settlement Agreement consistent with well-established case law on contract interpretation. *McAbee*, 97 F.3d at 1435.

The Court also properly declined to consider or rely upon the aforementioned treatises for the purpose of determining the parties' obligations under the Settlement Agreement, as plaintiff now requests. As the Court observed in the March 20, 2017, Decision, the plain language of the Settlement Agreement is unambiguous, and this language "reflect[s] the parties' intent for the government to purchase structured settlement annuities for the purpose of making the monthly and periodic lump-sum payments to plaintiff." *Langkamp*, 131 Fed. Cl. at 94-95. Because the Court found that the language in the Settlement Agreement was unambiguous, the Court did not—and should not now—consider whether other passages in the aforementioned tort law treatises support plaintiff's breach of contract theory in this case. *McAbee*, 97 F.3d at 1435. And so, the Court declines to reconsider the March 20, 2017, Decision for the purpose of considering other passages in these tort law treatises. *Del. Valley Floral Grp.*, 597 F.3d at 1384.[2]

---

[2] It is also important to note that the parties have had a full and fair opportunity to present their respective arguments regarding the meaning of the term "structured settlement." During the briefing of the parties' cross-motions, plaintiff presented several arguments regarding the meaning of this term. Pl. MSJ at 10 (arguing that the settlement agreement requires that the government make structured settlement payments in a prescribed manner); Pl. Opp. at 1-4 (arguing that the settlement agreement is unambiguous and requires that the government make periodic payments to plaintiff).

### B. Plaintiff Has Not Identified An Intervening Change In Controlling Law

Plaintiff's argument that the Court should reconsider the March 20, 2017, Decision in light of *Lanclos v. United States*, 133 Fed. Cl. 113 (July 12, 2017), is also without merit. Pl. Mot. at 19-22. The Federal Circuit has made clear that only an intervening change in controlling law may warrant reconsideration of the Court's decision under RCFC 59. *Del. Valley Floral Grp.*, 597 F.3d at 1383. As plaintiff acknowledges in his motion, the *Lanclos* decision is not controlling law. Pl. Mot. at 19. And so, plaintiff has not established a basis for the Court to reconsider the March 20, 2017, Decision based upon the *Lanclos* case.[3]

### C. Plaintiff Has Not Shown That He Is Entitled To Relief Due To The Illness Of His Prior Counsel

Plaintiff's request for relief pursuant to RCFC 52, 59, and 60(b), due to the unfortunate illness of his prior attorney, is equally unavailing. In his motion, plaintiff argues that the Court should consider new arguments regarding implied actual authority and contract ratification, because his prior counsel "became seriously ill and unable to adequately do his work before the supplemental briefing of the [parties'] cross-motions for summary judgment began on November 15, 2016." Pl. Mot. at 12. And so, plaintiff contends that, (1) reconsideration and modification of the March 20, 2017, Decision is necessary to prevent a manifest injustice and (2) that he is entitled to relief from judgment due to the excusable neglect of his prior counsel. *Id*. at 12-13; *see* RCFC 59, 60(b)(1); *see also* RCFC 52(b). Plaintiff's arguments are not convincing.

First, the Court is not persuaded by plaintiff's argument that reconsideration of the March 20, 2017, Decision is necessary because his previous attorney was unable to perform the essential functions of his job due to illness. Pl. Mot. at 12-15. While plaintiff argues that his prior attorney could not adequately address the issue of whether the government's representative in this matter had the implied actual authority to contractually bind the government, there can be no genuine dispute that the issue of whether the government's representative had the authority to

---

[3] On February 22, 2018, the Court stayed proceedings in *Lanclos*, pending the resolution of two other cases pending before the Federal Circuit. *See Lanclos*, No. 15-358C (Fed. Cl. Feb. 22, 2018) (order staying proceedings until decisions in *Hendrickson v. United States*, No. 17-1996 (Fed. Cir. appeal docketed May 5, 2017), and *Shaw v. United States*, No. 17-2136 (Fed. Cir. appeal docketed June 6, 2017)); *see also Hendrickson v. United States*, 714 F. App'x 1018 (Fed. Cir. 2018) (per curiam) (affirming this Court's decision without opinion).

contractually bind the government in contract was raised at the start of this litigation. *Id.*; *see also* Compl. at ¶ 1; Answer at 3.

Indeed, when plaintiff filed the complaint on July 22, 2015, he specifically alleged that the "government representative . . . had actual authority to bind the United States." Compl. at ¶ 1. In its answer, dated November 20, 2015, the government also averred that the Assistant United States Attorney who negotiated the Settlement Agreement lacked actual authority to enter the agreement alleged by plaintiff. Answer at 3. Given this, plaintiff and his prior counsel had ample opportunity to frame and address this legal issue during the course of this litigation.

While plaintiff elected not to raise legal arguments regarding implied actual authority or contract ratification during the briefing of the parties' cross-motions for summary judgment, he had ample opportunity to present these issues to the Court. *See generally* Pl. MSJ; Pl. Opp. There is also no dispute that plaintiff filed his pleadings and motion for partial summary judgment before September 19, 2016—the date on which plaintiff alleges that his prior attorney became unable to perform his duties due to illness. *See* Pl. Mot. at 15; Pl. Reply at 3-4. And so, plaintiff's argument that reconsideration is necessary due to the illness of his prior attorney is simply disproven by the procedural history of this case.[4]

The Court is also unpersuaded by plaintiff's argument that relief from judgment is appropriate in this case due to the excusable neglect of his prior attorney. *Id.* at 15-19. The Federal Circuit has held that the Court should balance three factors when considering whether to grant a motion for relief from judgment based upon excusable neglect: (1) whether the nonmovant will be prejudiced by the granting of relief; (2) whether the movant has a meritorious claim or defense; and (3) whether the movant's dilemma was caused by his own culpable conduct. *Info. Sys. And Networks Corp.*, 994 F.2d at 795-96; *see also Pioneer Inv. Servs. Co.*,

---

[4] Plaintiff's argument that reconsideration is necessary because his supplemental briefs did not adequately address the issues of implied actual authority and contract ratification due to the illness of his prior attorney is equally unavailing. As the government correctly notes in its opposition, plaintiff timely filed a supplemental brief and a sur-reply to the government's cross-motion for summary judgment, and he addressed the issue of authority to bind the government in contract in those filings. *See* Pl. Supp. Br. at 6; Pl. Supp. Resp. at 4. Plaintiff also points to no facts to show that his prior counsel was unable to perform the essential functions of his job due to illness in connection with the supplemental briefing in this matter. *See generally* Pl. Mot.

507 U.S. at 395; *Telzrow*, 127 Fed. Cl. 115, 120 (2016); *Stelco Holding Co.*, 44 Fed. Cl. at 708-09. These factors weigh against granting such relief here.

First, even if plaintiff could show that his prior attorney became unable to perform his duties due to illness at some point during the course of this litigation, plaintiff formulated the legal strategy for this case well before this illness occurred. In addition, allowing plaintiff to raise new legal arguments on reconsideration would greatly prejudice the government, because discovery has long since closed in this case and this litigation commenced almost three years ago. *See JGB Enters., Inc. v. United States*, 71 Fed. Cl. 468, 472 (2006); Def. Opp. at 20.

Plaintiff also requests that the Court consider new arguments nine months after the Court issued the March 20, 2017, Decision. *See generally Langkamp*, 131 Fed. Cl. 85; Compl. Given this, plaintiff has simply not shown that relief from judgment, based upon excusable neglect, is appropriate in this case.[5] RCFC 60(b)(1); *JGB Enters.*, 71 Fed. Cl. at 471-72.

Indeed, at bottom, a review of plaintiff's motion to alter, amend, or reconsider the March 20, 2017, Decision makes clear that plaintiff improperly seeks to relitigate the merits of his claim many months after the Court resolved this dispute. Neither RCFC 59 nor RCFC 60(b)(1) are intended to provide plaintiff with such an opportunity to revise his litigation strategy. *See JGB Enters.*, 71 Fed. Cl. at 471-72; *Johnson*, 126 Fed. Cl. at 560. And so, the Court must deny plaintiff's motion to alter, amend, or reconsider the March 20, 2017, Decision.

## V. CONCLUSION

Because plaintiff has not met his heavy burden to show that reconsideration or modification of the March 20, 2017, Decision, or relief from judgment, is warranted in this matter, the Court **DENIES** plaintiff's motion to alter, amend, or reconsider the March 20, 2017, Decision.

Some of the information contained in this Memorandum Opinion and Order may be considered privileged, confidential, or sensitive personally-identifiable information that should be protected from disclosure. And so, this Memorandum Opinion and Order shall be **FILED UNDER SEAL**. The parties shall review the Memorandum Opinion and Order to determine whether, in their view, any information should be redacted prior to publication. The parties shall

---

[5] For these same reasons, plaintiff has not shown that he is entitled to relief pursuant to RCFC 52.

**FILE** a joint status report identifying the information, if any, that they contend should be redacted, together with an explanation of the basis for each proposed redaction, on or before **May 25, 2018**.

    **IT IS SO ORDERED.**

                                     s/ Lydia Kay Griggsby
                                       LYDIA KAY GRIGGSBY
                                       Judge